IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DONALD RAY LONG,<br>      Plaintiff, | )<br>)<br>) |
| vs. | ) No. 3:22-CV-1912-M-BH<br>) |
| KAMBRIN MONIQUE CHAMBERS-<br>OLIVER and TECUMSEH ANDRE<br>OLIVER,<br>      Defendants. | )<br>)<br>)<br>)<br>) Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's federal claim should be **DISMISSED with prejudice** for failure to state a claim, and his state law claims should be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**I. BACKGROUND**

On August 29, 2022, Donald Ray Long (Plaintiff) filed this action against the mother of his child, Kambrin Monique Chambers-Oliver (Mother), and her husband, Tecumseh Andre Oliver (Husband) (Defendants), alleging that they violated the terms of the joint conservatorship pertaining to their daughter (Daughter). (doc. 3 at 1.)[2]

On March 25, 2004, a Dallas County court made Plaintiff and Mother joint conservators of Daughter. (*Id.*) Plaintiff alleges that Defendants moved to a different home, taking Daughter with them, and neglected to inform Plaintiff of their new home address. (doc. 8 at 2.) When Plaintiff located them, Mother permitted Plaintiff only supervised visitation with Daughter. (*Id.*) Plaintiff

---

[1]Pursuant to *Special Order 3-251*, this *pro se in forma pauperis* case has been automatically referred for judicial screening.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

attempted to make contact with Daughter at her school, but Husband refused to allow it and acted aggressively toward Plaintiff. (doc. 8 at 3.) School officials had to intervene. (*Id.*) Defendants then relocated again and ceased all communications with Plaintiff. (*Id.*) He claims this conduct violates the terms of the joint conservatorship. (doc. 3 at 1.)

Plaintiff alleges that Defendants are civilly liable for parental abduction, interference with parental possessory rights, contempt of a court order, and slander or libel. (*Id.* at 2-3.) He asserts these causes of action under various Texas statutes. (*Id.*)

## II. PRELIMINARY SCREENING

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). It provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. FEDERAL CLAIM

Plaintiff alleges that his claims arise under 28 U.S.C. § 1654. (doc. 3 at 1, 3.)

When a private citizen relies on a federal statute as a basis for federal question jurisdiction, that statute must provide a private cause of action, or else a federal court will not have subject matter

jurisdiction to hear the dispute. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 817 (1986). A statute must either explicitly create a right of action or implicitly contain one. *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575 (1979). Without congressional intent to create a private cause of action, one does not exist, and courts may not create one, no matter how desirable or compatible with the statute. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). The question of whether Congress intended to create a private right of action is "definitively answered in the negative where a statute by its terms grants no private rights to any identifiable class." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283-84 (2002) (internal quotations omitted).

Section 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. The provision therefore sets out a litigant's right to represent himself in court. However, several federal courts have held that this provision "does not create a private right of action of any kind." *Diaz v. Hames*, No. 4:22-CV-0134-MLB-JCF, 2022 WL 19562386, at *2 (N.D. Ga. Sept. 21, 2022) (collecting cases). This conclusion is bolstered by the text of the statute, which "by its terms grants no private rights to any identifiable class." *Gonzaga Univ.*, 536 U.S. at 283-84.

Because the only federal statute to which he refers does not create a private right of action, Plaintiff's claim under § 1654 should be dismissed.

### IV. STATE LAW CLAIMS

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit

3

lies outside this limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for jurisdiction" and may *sua sponte* raise the issue at any time. *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). The party seeking the federal forum has the burden of establishing federal jurisdiction. *Howery*, 243 F.3d at 916. Fed. R. Civ. P. 12(h)(3) requires dismissal of a case if a federal court determines that it lacks subject-matter jurisdiction.

Federal courts have no jurisdiction over state law claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction is proper only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a). Complete diversity "does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). As the party seeking to invoke federal jurisdiction in this case, Plaintiff has the burden to show that diversity jurisdiction exists. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991).

Here, Plaintiff's complaint and responses to a questionnaire[3] assert only state statutory causes of action. (doc. 8 at 2-3.) He explicitly alleges that all parties are citizens of the state of Texas. (docs. 3 at 3, 8 at 2-3.) He has therefore not met his burden to show that complete diversity exists between the parties. *See Dupre v. Univ. Healthcare Sys. L.C.*, 273 F.3d 1103 (5th Cir. 2001) (per curiam) (dismissing suit for lack of subject-matter jurisdiction where all parties were residents of same state). Plaintiff's state claims should be dismissed for lack of subject-matter jurisdiction.

---

[3] Plaintiff's responses to a magistrate judge's questionnaire are considered an amendment to his pleadings. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

## V.  OPPORTUNITY TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

Leave to amend is not necessary, however, where the plaintiff has already pled his best case. *See Wiggins v. La. State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (citations omitted). A verified questionnaire response allows a plaintiff to plead his or her best case and is a valid way for a *pro se* litigant to amend his complaint. *See Nixon v. Abbott*, 589 F. App'x 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a pro se litigant to develop the factual basis for his complaint.").

Here, Plaintiff has responded to a questionnaire and has had an opportunity to plead his best case. Further leave to amend is not warranted.

## VI. RECOMMENDATION

Plaintiff's federal claim should be **DISMISSED with prejudice** for failure to state a claim, and his state law claims should be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**SO RECOMMENDED on this 13th day of October, 2023.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE