IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD RAY LONG, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 3:22-CV-1912-M-BH |
| | ) | |
| KAMBRIN MONIQUE CHAMBERS- | ) | |
| OLIVER and TECUMSEH ANDRE | ) | |
| OLIVER, | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiff's post-judgment amended answers to a magistrate judge's questionnaire should be liberally construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) and **DENIED**.

## I. BACKGROUND

On August 29, 2022, Donald Ray Long (Plaintiff) filed this action against the mother of his child (Mother) and her husband (Husband) (Defendants), alleging that they had violated the terms of a joint conservatorship over their daughter (Daughter). (doc. 3 at 1.)[2]

On March 25, 2004, a Dallas County court made Plaintiff and Mother joint conservators of Daughter. (*Id.*) Plaintiff alleged that Defendants moved with Daughter to a different home but did not inform him of their new address. (doc. 8 at 2.) When he located them, Mother only allowed him supervised visitation. (*Id.*) Plaintiff attempted to make contact with Daughter at her school, but Husband refused to allow it and acted aggressively toward him, and school officials had to intervene.

---

[1]By *Special Order 3-251*, this *pro se in forma pauperis* case has been automatically referred for judicial screening.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(doc. 8 at 3.) Defendants then moved again and ceased all communications with Plaintiff. (*Id.*) He claimed Defendants were civilly liable for parental abduction, interference with parental possessory rights, contempt of a court order, and slander or libel, under 28 U.S.C. § 1654 and various Texas statutes. (doc. 3 at 1-3.)

On October 13, 2023, it was recommended that Plaintiff's federal claim be dismissed with prejudice for failure to state a claim and that his state law claims be dismissed without prejudice for lack of subject matter jurisdiction. (*See* doc. 9.) The recommendation was accepted without objection, and the claims were dismissed by judgment entered on November 3, 2023. (*See* docs. 10, 11.) Later that same day, Plaintiff filed amended responses to a magistrate judge's questionnaire. (*See* doc. 12.) The amended responses essentially reassert the same claims but reduce the amount of damages that he initially requested. (*Compare* doc. 8 with doc. 12.)

## II. RULE 59(e)

Plaintiff's amended questionnaire responses appear to challenge the judgment in this case and were filed within 28 days of its entry, so they are properly construed as a challenge to the judgment arising under Rule 59(e). *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (noting that where a case is resolved without a trial, a motion to alter or amend judgment is generally considered under Rule 59(e)); *see also Williams v. Thaler*, 602 F.3d 291, 303 & n.10 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit.").

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not

previously available; or (3) a manifest error of law or fact. *See Alexander v. Wells Fargo Bank*, N.A., 867 F.3d 593, 597 (5th Cir. 2017) (citing *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc*., 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id*. at 479, 483. When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co*., 6 F.3d 350, 355 (5th Cir. 1993).

Plaintiff's amended questionnaire responses[3] essentially reassert the claims he made in his initial questionnaire responses but reduce the amount of damages requested. Rehashing evidence, legal theories, or arguments that were raised before the entry of judgment is insufficient to show entitlement to relief under Rule 59(e). *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (explaining that a Rule 59(e) motion cannot be used to repeat old arguments previously considered and rejected). Plaintiff has failed to identify an intervening change in controlling law, point out the availability of new evidence not previously available, identify a manifest error of law or fact, or identify any other extraordinary circumstances justifying alteration or amendment of the judgment. He has provided insufficient grounds to justify relief under Rule 59(e).

### III. RECOMMENDATION

Plaintiff's post-judgment amended questionnaire responses should be liberally construed as

---

[3]Plaintiff's responses to a magistrate judge's questionnaire are considered an amendment to his pleadings. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

3

a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) and **DENIED**.

**SO RECOMMENDED on this 13th day of November, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

     A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE